CITY OF TARKIO, Respondent, v. HARRY E. MILLER, Appellant.

Kansas City Court of Appeals, November 25, 1912.

1. ANIMALS: Municipal Corporations: Ordinances: Nuisance: Authority: Noises: Stallions. A town has authority to ordain an ordinance making it a nuisance to breed stallions to mares at such places or in such manner as to scandalize the community. And a breeder was rightfully found guilty of the nuisance who bred stallions to mares in the vicinity of residences where, though not seen, the noises made by the animals so disturbed the peace of the community as to be an offensive indecency.

2. ————: ————: ————: Lawful Business: Scandalous Noises. That while a city has not the authority to declare the business of breeding stallions to mares a nuisance, for the reason that it is a lawful business, yet it may lawfully provide that such business shall not be carried on at a place, or in such manner, as to shock the modesty of the nearby inhabitants, through the sense of hearing, and deprive them of the enjoyment of their property.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*B. R. Martin* and *C. C. Crow* for appellant.

*W. R. Littell* for respondent.

ELLISON, J.—This case is a prosecution against defendant for violating a town ordinance which forbids the use of a building in the town for keeping stallions or jacks for teasing and covering mares, where such use "would disturb the peace and quietude of the surrounding neighborhood, or scandalize them in the use and enjoyment of their property, or violate public decency or damage their property." He was convicted in the trial court.

The defendant here was the defendant in the injunction suit brought against him by the owners of property near his barn (decided at this term)' and was submitted with that case. Defendant questions the power of the town to pass the ordinance. It is said that the town cannot, upon finding a man engaged in a business, declare it to be a nuisance and undertake to suppress it, unless it has been made a nuisance by statute or common law. But it is well understood that if the business is a nuisance at common law, it may be suppressed by ordinance of a city. The keeping of stallions for breeding purposes is lawful and necessary and *per se* is not a nuisance. But it is a business which, like many others, may be conducted in such a manner as to become a nuisance *per se*. Keeping a hotel is a necessary business; but its moral standard may be such as to make it a nuisance. A store for the sale of articles so necessary as groceries may be so conducted as to become a nuisance. A business, as such, may belong to the citizen as his common right, yet he may make a nuisance of it by his manner of exercising the right. Now the ordinance in question does not forbid the keeping of stallions, nor breeding them to mares. It forbids it being

done in such manner as will scandalize and disturb the peace of the inhabitants of the neighborhood and violate public decency. It was rightly held to be valid.

The facts of this case illustrate the soundness of what we have said. Defendant did not merely keep stallions for breeding, but he kept them in such way and at such place in the town as to scandalize the immediate neighborhood. We have set out in the other case how the squealing and other noises of the animals while teasing and covering mares, disturbed the families, tended to demoralize little children and put to shame the females of the households, to such extent as to send them in from their yards and porches.

We have been cited to Ex parte Robinson, 30 Tex. App. 493. There is nothing in that case to aid defendant when applied to the facts. The court stated that it was shown in that case that the keeping and breeding of the stallion was "in a large, close brick livery stable," which people could neither "see nor hear," and where persons passing could not "know what was going on." The court stated that it did not want to be understood as saying that the city in that case could not have properly ordained an ordinance prohibiting breeding in the public view, and that such an act would be a nuisance *per se*. And the court would, of course, have said the same as to hearing, if the sounds were such as to scandalize the people of the neighborhood and put them to shame.

The evidence justified the verdict and the judgment is affirmed. All concur.